IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALVIN PATTERSON ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Judge: St. Eve |
| ) | Case: 15 CV 4139 |
| THE CITY OF CHICAGO, ) | |
| UNKNOWN OFFICERS ) | |
| ) | |
|     Defendants. ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AT LAW**

NOW COME the Defendants, City of Chicago (hereinafter referred to as the "City") Sgt. Kevin Connors ("Sgt. Connors"), Sgt. Brian Kinnane ("Sgt. Kinnane"), Officer Steven Hefel ("Officer Hefel"), and Officer Michael Laurie ("Officer Laurie") (collectively referred to herein as "Defendants"), by and through one of its attorneys, Dana Pesha, Assistant Corporation Counsel for the City of Chicago, for its answer:

**JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

2. PLAINTIFF CALVIN PATTERSON is a resident of the State of Illinois, and of the United States.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. The DEFENDANT OFFICERS, at all times relevant hereto, were employed by and acting on behalf of the CITY OF CHICAGO Police Department. The DEFENDANT OFFICERS are sued in their individual capacity.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of, as well as the other officers and/or employees referred to in this Complaint. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

## FACTS

5. On August 30, 2014, the DEFENDANT OFFICERS arrived at or about 1632 S. St. Louis Ave, Chicago, Illinois.

**ANSWER:** Officers Hefel and Laurie deny the allegations contained in this paragraph. Upon information and belief, Defendant City, Sgt. Connors and Sgt. Kinnane deny the allegations contained in this paragraph.

6. On August 30, 2014, at or around 7:30pm, PLAINTIFF was walking towards a store at or about W. 16th St., and S. Drake Ave. in Chicago, Illinois.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. PLAINTIFF went into the store located at or about W. 16th St., and S. Drake Ave. in Chicago, Illinois.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8. PLAINTIFF walked towards his cousin's house nearby.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. Shortly thereafter, PLAINTIFF arrived at his cousins' house and observed a police vehicle speed through a vacant parking lot.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. PLAINTIFF put his hands up as the police vehicle approached him in an effort to be cooperative.

**ANSWER:** Officers Hefel and Laurie deny the allegations contained in this paragraph. Upon information and belief, Defendant City, Sgt. Connors and Sgt. Kinnane deny the allegations contained in this paragraph

11. The police vehicle was driven by one of the DEFENDANT OFFICERS and another DEFENDANT OFFICER was in the passenger side seat.

**ANSWER:** Officers Hefel and Laurie admit that one defendant officer was driving the police vehicle referred to in this paragraph, but deny the remaining allegations contained in this paragraph. Answering further, Officers Hefel and Laurie deny the wrongdoing alleged herein. Defendant City, Sgt. Kinnane and Sgt. Connors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. The police vehicle sped down the vacant parking lot and without provocation, slammed into PLAINTIFF's body forcefully. Due to the force of the collision, PLAINTIFF's body was thrown down to the ground and injured.

**ANSWER:** Officers Hefel and Laurie deny the allegations contained in this paragraph. Upon information and belief, Defendant City, Sgt. Connors and Sgt. Laurie deny the allegations contained in this paragraph.

13. One or more of the DEFENDANT OFFICERS exited the vehicle and approached PLAINTIFF while he was lying injured on the ground. One or more of the DEFENDANT OFFICERS forcefully grabbed PLAINTIFF, pulled him and placed him into the police vehicle.

**ANSWER:** Officers Hefel and Laurie admit that the officer who was driving the vehicle exited the vehicle at some point. Officers Hefel and Laurie deny the remaining allegations and deny that they engaged in the wrongdoing plaintiff alleges herein. Upon information and belief, Defendant City, Sgt. Connors and Sgt. Kinnane admit that the officer who was driving the vehicle exited the vehicle at some point, but deny the remaining allegations contained in this paragraph.

14. After some time, additional police vehicles arrived at the scene. One or more of the DEFENDANT OFFICERS spoke with the newly arrived DEFENDANT OFFICERS.

**ANSWER:** Officers Hefel and Laurie admit the allegations contained in this paragraph. Defendant City, Sgt. Connors and Sgt. Kinnane lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. After the conversation, one or more of the DEFENDANT OFFICERS drove the PLAINTIFF to an alley at or about Drake St. and St. S. Louis St.

**ANSWER:** Officers Hefel and Laurie admit the allegations contained in this paragraph, but deny the allegations of wrongdoing Plaintiff has made herein. Upon information and belief, Defendant City, Sgt. Connors and Sgt. Kinnane admit the allegations contained in this paragraph.

16. One or more of the DEFENDANT OFFICERS grabbed PLAINTIFF and took him out of the police vehicle.

**ANSWER:** Officers Hefel and Laurie deny the allegations contained in this paragraph. Upon information and belief, Defendant City, Sgt. Connors, and Sgt. Kinnane deny the allegations contained in this paragraph.

17. One or more of the DEFENDANT OFFICERS, without reason or provocation, threw the PLAINTIFF on the ground using significant force. While the PLAINTIFF was on the ground, one or more of the DEFENDANT OFFICERS kicked and/or hit him on his body, including but not limited to his back, stomach and in the face.

**ANSWER:** Officers Hefel and Laurie deny the allegations contained in this paragraph. Upon information and belief, Defendant City, Sgt. Connors, and Sgt. Kinnane deny the allegations contained in this paragraph.

18. Due to the severe nature of PLAINTIFF's injuries, PLAINTIFF lost consciousness.

**ANSWER:** Officers Hefel and Laurie deny the allegations contained in this paragraph. Upon information and belief, Defendant City, Sgt. Connors and Sgt. Kinnane deny the allegations contained in this paragraph.

19. The DEFENDANT OFFICERS were on duty at all times relevant to this Complaint, and engaged in the complained of conduct in the course and scope of their employment.

**ANSWER:** Defendants admit that the Defendant Officers were on duty and acting within the scope of their employment during the time relevant to the Complaint, but deny that Plaintiff has accurately set forth the events that transpired on August 30, 2014 and further deny that the defendant officers engaged in the wrongdoing alleged herein. Defendants deny the remaining allegations contained in this paragraph

20. Specifically, the DEFENDANT OFFICERS, without reason or provocation, threw PLAINTIFF on the ground using significant force while kicking PLAINTIFF in the back, stomach and in the face.

**ANSWER:** Officers Hefel and Laurie deny the allegations contained in this paragraph. Upon information and belief, Defendant City, Sgt. Connors, and Sgt. Kinnane deny the allegations contained in this paragraph.

21. On August, 30, 2014, PLAINTIFF did not

    a. obstruct the DEFENDANT OFFICERS;

    b. strike the DEFENDANT OFFICERS;

    c. batter the DEFENDANT OFFICERS;

    d. violate a law in the presence of the DEFENDANT OFFICERS;

    e. violate a law at any time;

    f. use force directed at or against the DEFENDANT OFFICERS;

    g. assault the DEFENDANT OFFICERS; and violate a rule and/or procedure in the presence of the DEFENDANT OFFICERS.

**ANSWER:** Officer Hefel and Laurie deny the allegations contained in subparts d, e, and g of this paragraph and admit the remainder of the allegations contained in this paragraph. Defendant City, Sgt. Connors and Sgt. Kinnane, upon information and belief, deny the allegations contained in subparts d, e and g of this paragraph and admit the remainder of the allegations contained in this paragraph

  22. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS was unreasonable.

**ANSWER:** Officers Hefel and Laurie deny the allegations contained in this paragraph. Upon information and belief, Defendant City, Sgt. Connors, and Sgt. Kinnane deny the allegations contained in this paragraph.

  23. On August 30, 2014, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois, nor was he at any time the focus or subject of a criminal investigation.

**ANSWER:** Officers Hefel and Laurie deny the allegations contained in this paragraph. Upon information and belief, Defendant City, Sgt. Connors, and Sgt. Kinnane deny the allegations contained in this paragraph.

  24. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, the PLAINTIFF suffered severe injuries to his body and was forced to undergo medical treatment, surgery, sustain medical bills, and will continue to sustain medical bills in the future.

**ANSWER:** Officers Hefel and Laurie deny the allegations contained in this paragraph. Upon information and belief, Defendant City, Sgt. Connors, and Sgt. Kinnane deny the allegations contained in this paragraph.

  25. The DEFENDANT OFFICERS engaged in the conduct complained of on said date, in the course and scope of employment, and while on duty.

**ANSWER:** Defendants admit that the Defendant Officers were on duty and acting within the scope of their employment during the time relevant to the Complaint, but deny that Plaintiff has accurately set forth the events that transpired on August 30, 2014 and further deny that the defendant officers engaged in the wrongdoing alleged herein.

  26. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

## COUNT I
### Excessive Force Claim Pursuant to
### 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

27. PLAINTIFF restates and re-alleges paragraphs 1 – 26 as though fully set forth herein.

**ANSWER:** Defendants restate and reincorporate their answers to paragraphs 1-26 as if set forth fully herein.

28. The DEFENDANT OFFICERS hit PLAINTIFF with a police vehicle and then shortly thereafter threw PLAINTIFF on the ground using significant force. While the PLAINTIFF was on the ground they kicked him on the back, stomach and in the face. The actions of the DEFENDANT OFFICERS amounted to an excessive use of force onto the PLAINTIFF.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

29. This conduct violated the Fourth Amendment of the United States Constitution.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

30. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

WHEREFORE, the Defendants request that this Court enter judgment in its favor as to Count I and against Plaintiff and enter any other relief in its favor and against Plaintiff that this Court deems just and proper.

## COUNT II
### False Arrest
### 42 U.S.C. §1983 and the Fourth Amendment

31. PLAINTIFF re-alleges paragraphs 1-26 as though fully set forth herein.

**ANSWER:** Defendants restate and reincorporate their answers to paragraphs 1-26 as if set forth fully herein.

32. On or about August 30, 2014, DEFENDANT OFFICERS seized PLAINTIFF and forcefully placed PLAINTIFF in a police vehicle, even though the DEFENDANT OFFICERS had no reasonable suspicion that the PLAINTIFF had committed, was committing, or was going to commit criminal activity of any sort prior to his detention.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

33. On or about August 30, 2014, DEFENDANT OFFICERS arrested the PLAINTIFF without probable cause to believe that the PLAINTIFF had committed, was committing, or was going to commit criminal activity.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

34. The actions of the DEFENDANT OFFICERS, alleged above, violated the Fourth Amendment to the United States Constitution.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

WHEREFORE, the Defendants request that this Court enter judgment in its favor as to Count II and against Plaintiff and enter any other relief in its favor and against Plaintiff that this Court deems just and proper.

## COUNT III
### False Arrest – State Law Claim

35. PLAINTIFF re-alleges paragraphs 1-26 as though fully set forth herein.

**ANSWER:** Defendants restate and reincorporate their answers to paragraphs 1-26 as if set forth fully herein.

36. The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANTS was in violation of the Constitution to the State of Illinois as well as Illinois law.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

37. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

WHEREFORE, the Defendants request that this Court enter judgment in its favor as to Count III and against Plaintiff and enter any other relief in its favor and against Plaintiff that this Court deems just and proper.

## COUNT IV
## State Law Battery Claim

38. PLAINTIFF restates and re-alleges paragraphs 1 – 26 as though fully set forth herein.

**ANSWER:** Defendants restate and reincorporate their answers to paragraphs 1-26 as if set forth fully herein.

39. DEFENDANT OFFICERS hit PLAINTIFF with a police vehicle and then shortly thereafter threw PLAINTIFF on the ground using significant force. While the PLAINTIFF was on the ground they kicked him on the back, stomach and in the face. The actions of the DEFENDANT OFFICERS were committed intentionally, without consent and without justification.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

40. PLAINTIFF suffered injury as a result.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

41. The conduct of the DEFENDANT OFFICERS was in violation of the State of Illinois Law.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

42. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations and injuries set forth above.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

WHEREFORE, the Defendants request that this Court enter judgment in its favor as to Count IV and against Plaintiff and enter any other relief in its favor and against Plaintiff that this Court deems just and proper.

## COUNT V
## 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

43. PLAINTIFF restates and re-alleges paragraphs 1 – 26 as though fully set forth herein.

**ANSWER:** Defendants restate and reincorporate their answers contained in the preceding paragraphs 1 through 26 and incorporate those answers, as though full stated.

44. DEFENDANT CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS.

**ANSWER:** Defendants admit the allegations contained in this paragraph

45. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

**ANSWER:** Defendants admit that the defendant officers were acting within the scope of their employment and deny the remaining allegations contained in this paragraph. Answering further Defendants deny that the Defendant Officers engaged in any wrongdoing as alleged herein.

WHEREFORE, the Defendants request that this Court enter judgment in its favor as to Count V and against Plaintiff and enter any other relief in its favor and against Plaintiff that this Court deems just and proper.

## COUNT VI
## Supplementary Claim for *Respondeat Superior*

46. PLAINTIFF restates and re-alleges paragraphs 1 – 26 as though fully set forth herein.

**ANSWER:** Defendants restate and reincorporate their answers contained in the preceding paragraphs 1 through 26 and incorporate those answers, as though full stated.

47. The aforesaid acts of the DEFENDANT OFFICERS, in their individual capacity, were in the scope of employment and therefore the DEFENDANT CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

**ANSWER:** Defendants admit that the Defendant Officers were on duty and acting within the scope of their employment during the time relevant to the Complaint, but deny that Plaintiff has accurately set forth the events that transpired on August 30, 2014 and further deny that the defendant officers engaged in the wrongdoing alleged herein.

**JURY DEMAND**

48. PLAINTIFF demands trial by jury.

**ANSWER:** Defendants demand a trial by jury for issues so triable.

**CONCLUSION**

WHEREFORE, the Defendants respectfully request that judgment be entered in its favor and against Plaintiff in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.

**AFFIRMATIVE DEFENSES**

1. In the instant case the City of Chicago is entitled to immunity under 745 ILCS 10/2-109 of the Tort Immunity Act which states that a local public entity is not liable for any injury resulting from an act or omission of its employee where the employee is not liable.

2. The City of Chicago is not liable for Plaintiffs' attorneys' fees as "the law in Illinois clearly is that absent a statute or contractual agreement attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (internal citations omitted).

3. As to the state law claims, at the time of the incident alleged in Plaintiff' complaint, the City of Chicago police officers who had contact with Plaintiff were City employees, namely police officers, who were engaged in the execution and enforcement of the law. Under the Tort Immunity Act, an employee or agent of the City is not liable for his acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2002). The acts and/or omissions of the above-mentioned police officers were not willful and wanton. Therefore, Plaintiff's state law claims must fail.

4. As to all federal claims, at all times during the events alleged in Plaintiff's Complaint, a reasonable police officer, objectively viewing the facts and circumstances then confronting the Defendant Officers during the incident which allegedly provides the basis for the present case, could have reasonably believed that the actions taken by him were objectively reasonable and were within constitutional limits that were clearly established at the time. The Officers are therefore entitled to qualified immunity.

BY: /s/ Dana M. Pesha
Dana Pesha
Assistant Corporation Counsel
30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
312.744.3982 (T)
dana.pesha@cityofchicago.org

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 18, 2015 I served a copy of the foregoing Defendants' Answer To Plaintiff's Amended Complaint At Law on all ECF members who are listed as counsel of record by automated electronic notification.

                                               */s/ Dana M. Pesha*
                                               Dana Pesha
                                               Assistant Corporation Counsel
                                               30 North LaSalle Street
                                               Suite 900
                                               Chicago, Illinois 60602
                                               312.744.3982 (T)
                                               dana.pesha@cityofchicago.org